Ruben ACEVES; Jose Castillo; Becky Chenier; Sean Chenier; Gerry Eberly; Maricela Garcia; Ruth Garcia; Soldedad Garduno; Elizabeth Gutierrez; Elmer Mancia; Veronica Martinez; Miguel Mejia; Maria Perez; William Rivera; Abelardo Saiz; Lorena Solis; Debra Winston; Ted Winston, on their own behalf and on behalf of all others similarly situated, Plaintiffs—Appellees,

v.

AUTONATION, INC., a Delaware corporation; Mr. Wheels, Inc., a California corporation d/b/a Power Toyota Cerritos, Defendants—Appellants.

No. 07–55014.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed March 5, 2009.

1. An alleged waiver of the right to bring class action claims such as these would be substantively unconscionable. Both the Ninth Circuit and California courts have recognized that one-sided waivers of the right to bring or arbitrate any class action are substantively unconscionable. *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1175–76 (9th Cir.2003). Such a waiver is inherently one-sided because it serves to protect only one party to the agreement; here, the defendant corporations. *Id.* The corporate defendants in this case would never have occasion to sue Ariza and the other class members in a class action, representative action, or private attorney general action. A prohibition against such claims would operate only to the benefit of the defendants by insulating them from class-wide liability for claims brought against them in a representative capacity on behalf of the general public.

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

Robert M. Keese, Esq., Girardi & Keese, Los Angeles, CA, Martin Buchanan, Niddrie Fish & Bachanan LLP, San Diego, CA, for Plaintiffs–Appellees.

Daniel J. Katz, Esq., Anna–Rose Mathieson, Esq., Edward C. Barnidge, Esq., Williams & Connolly LLP, Washington, DC, Laurence Jackson, Esq., Christa & Jackson, Los Angeles, CA, for Defendants–Appellants.

Before: GOODWIN, PREGERSON, and D.W. NELSON, Circuit Judges.

## MEMORANDUM **

Autonation and Mr. Wheels, Inc. d/b/a/ Power Toyota Cerritos (collectively "Autonation") appeal a district court's denial of their motion to compel arbitration. The district court had jurisdiction pursuant to 28 U.S.C. § 1331 because Autonation had previously removed the case, which alleged a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et. seq.,* to federal court. We exercise jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(A)–(B), and we reverse and remand with instructions for the district court to compel arbitration regarding the scope of the arbitration agreement.

"[T]he question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). "Generally, the question of whether a dispute is arbitrable is decided by the courts. However, where the parties clearly and unmistakably provide otherwise, the courts will be divested of their authority and an arbitrator will decide in the first instance whether a dispute is arbitrable." *United Bhd. of Carpenters & Joiners of Am., Local No. 1780 v. Desert Palace, Inc.,* 94 F.3d 1308, 1310 (9th Cir.1996) (internal quotation marks and citations omitted).

In this case the parties agreed "that any claims arising from or relating to this Lease or related agreements or relationships, including the validity, enforceability or scope of this Arbitration Provision, at your or our election, are subject to arbitration." Multiple courts have found that similar language clearly and unmistakably empowers the arbitrator to decide questions of scope in the first instance. In *Rodriguez v. Am. Techs., Inc.,* 136 Cal. App.4th 1110, 39 Cal.Rptr.3d 437, 446 (2006), an arbitration provision met this standard by incorporating the American Arbitration Association's Construction Industry Rules, which specify that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Similarly in *In re Currency Conversion Fee Antitrust Litig.,* 265 F.Supp.2d 385, 404 (S.D.N.Y.2003), a court

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

found a provision assigning any dispute "arising out of or relating to this Agreement, your Account, or the validity or scope of any provision of this Agreement" to be clear and unmistakable. Like the arbitration provisions at issue in the *Rodriguez* and *Currency Conversion Fee,* the provision at issue in this case explicitly assigns questions of "scope" and "validity" to the arbitrator.

We decline to reach the additional issues argued on appeal because those issues require a determination of the scope of the agreement, which the arbitrator must decide in the first instance.

We REVERSE and REMAND with instructions for the district court to COMPEL ARBITRATION regarding the scope of the arbitration agreement.

PREGERSON, Circuit Judge, Dissenting.

I disagree with the majority's conclusion that the arbitration agreement "clearly and unmistakably" provided that the question whether this dispute is arbitrable must be resolved by the arbitrator. I agree with the district court that "it is clear that the parties' arbitration agreement does not encompass representative claims."

Under California law, ambiguities in a contract must be resolved against the drafter. Cal. Civ.Code § 1654 (West 1982); *see Weeshoff Constr. Co. v. Los Angeles County Flood Control Dist.,* 88 Cal.App.3d 579, 587–88, 152 Cal.Rptr. 19 (Cal.App.1979) (where a written contract includes some "uncertainty of meaning, [the contract] must be construed against the drafter").

Here, the arbitration agreement states that "a claim can only be arbitrated on an individual basis and not as a class action." The agreement also provides that "[i]f any party elects arbitration with respect to a claim, neither you [plaintiff Aceves] nor we [defendant Autonation] will have the right ... to participate as a representative or member of any class or claimants pertaining to such claim." These provisions suggest that the arbitration agreement does not prohibit class actions but only prohibits arbitration of those class actions. The arbitration agreement, therefore, should be interpreted to cover only individual claims, not class action claims. Under the arbitration agreement, any questions about the scope of that agreement concerning individual claims are to be decided by the arbitrator; but this is not an individual claim. This is a class action. The arbitration agreement here prohibits arbitration of class action claims.[1]

I believe that the district court did have the authority to resolve this dispute, and I would therefore affirm the district court's decision denying defendant's motion to compel arbitration concerning the scope of the agreement.

---

**1.** An alleged waiver of the right to bring class action claims such as these would be substantively unconscionable. Both the Ninth Circuit and California courts have recognized that one-sided waivers of the right to bring or arbitrate any class action are substantively unconscionable. *Ingle v. Circuit City Stores,* 328 F.3d 1165, 1175–76 (9th Cir.2003). Such a waiver is inherently one-sided because it serves to protect only one party to the agreement; here, the defendant corporations. *Id.*

The corporate defendants in this case would never have occasion to sue Ariza and the other class members in a class action, representative action, or private attorney general action. A prohibition against such claims would operate only to the benefit of the defendants by insulating them from class-wide liability for claims brought against them in a representative capacity on behalf of the general public.